139 So. 263

### HILL v. REAVES et al.

### 1 Div. 665.

Supreme Court of Alabama.

Jan. 21, 1932.

Lyons, Chamberlain & Courtney, of Mobile, for appellant.

Inge, Stallworth & Inge and Harry Seale, all of Mobile, for appellees.

BROWN, J.

The first count of the complaint, as last amended, alleges that the plaintiff, while riding a bicycle along the sidewalk on the north side of Government street in front of the residence of the defendant Reaves, in the city of Mobile, at night, suddenly ran into a plant known as "the Spanish Dagger," growing on the property of the defendant Reaves, which was leaning entirely across the paved portion of the sidewalk in such sort as it was impossible for a pedestrian to pass thereunder, without running into the said plant, and thereby and as a proximate result thereof he suffered the partial loss of the sight in one of his eyes; that said injury resulted proximately from the negligence of the city of Mobile's failure to remedy the defect, and the negligence of Reaves "in allowing said plant to project over the sidewalk in such position as to partially or entirely obstruct the passageway, and in allowing said plant to remain so in an unguarded condition," as a result of which said sidewalk was not in a reasonably safe condition.

There were other averments designed to charge the defendants with notice or knowledge of the condition of the plant, and the demurrers take the point that these were not sufficient, but the view we take of the case renders these unimportant.

The demurrers which take the point that the averments of the complaint show that, when plaintiff received his injury, he was wrongfully riding a bicycle on the sidewalk, and therefore he does not bring himself within a class to whom the defendant owed a duty to see that the sidewalk was maintained in a reasonably safe condition, or was not obstructed, were sustained, and the plaintiff suffered a nonsuit and has appealed.

It is familiar law that to constitute actionable negligence there must be a duty to the person injured, or to a class of persons to which the plaintiff belonged, and a breach of the duty, proximately resulting in the injury. Tennessee Coal, Iron & R. R. Co. v. Smith, 171 Ala. 251, 55 So. 170; Southern Railway Co. v. Williams, 143 Ala. 217, 38 So. 1013, 1014; Sloss-Sheffield Steel & Iron Co. v. Hubbard, 14 Ala. App. 139, 68 So. 571.

It is not enough that the defendant owes a duty to same other person or persons, if the

duty does not run to the plaintiff. Tennessee Coal, Iron & R. R. Co. v. Smith, supra.

■ It is also well settled that the proper place for the operation of all vehicles designed for speed or draft is in the speedway of the street, and not upon the sidewalk, which is set apart for the use of pedestrians, vehicles for cripples, invalids, and baby buggies, propelled by a pedestrian; that a bicycle is a "vehicle" designed for speed, and its proper place is upon the highway or street proper. Fielder v. Tipton, 149 Ala. 608, 42 So. 985, 8 L. R. A. (N. S.) 1268, 123 Am. St. Rep. 69, 13 Ann. Cas. 1012; Holland v. Bartch, 120 Ind. 46, 22 N. E. 83, 16 Am. St. Rep. 307; Wheeler v. City of Boone, 108 Iowa, 235, 78 N. W. 909, 44 L. R. A. 821.

■ "A municipality is required to maintain only the respective portions of the street, divided into sidewalks and roadway, in a reasonably safe condition for the purposes for which they are respectively devoted, that is, the sidewalks for pedestrians and the roadways for vehicles and horses. It is not bound to keep its sidewalks and footways fit for the use of vehicles, and drivers of vehicles who intentionally and unnecessarily use them for passage of their wagons, do so at their peril, and cannot hold the municipality liable for injuries sustained because of their unfitness for such use, at least where such use is a contributing cause of the injury." 13 R. C. L. p. 377, § 308.

■ As a general rule, this principle is applicable to the abutting owner, who is only required to use ordinary care not to cause or permit a condition to exist, in the use and enjoyment of his property, which will result in injury to others in the rightful use of the sidewalk or street adjacent to his property. 13 R. C. L. p. 324, § 267; Ruocco, Adm'r, v. United Advertising Corporation et al., 98 Conn. 241, 119 A. 48, 30 A. L. R. 1237.

The cases cited by appellant are easily differentiated from the case in hand:

Wheeler v. City of Boone, 108 Iowa, 235, 78 N. W. 909, 44 L. R. A. 821, merely holds that the use of a tricycle on a sidewalk by one not able to walk did not violate a city ordinance prohibiting the use of a bicycle on the sidewalk, and that it was not unlawful or wrongful for such cripple to use a tricycle, which was pushed or drawn by another boy, along the sidewalk.

In Lee v. City of Port Huron, 128 Mich. 533, 87 N. W. 637, 55 L. R. A. 308, "The city passed an ordinance licensing bicyclists to ride upon the sidewalks of certain streets under certain restrictions, they first paying a fee and procuring a license therefor. Plaintiff had complied with this ordinance, and was in the exercise of due care when the accident occurred." The holding was that the charter of the city conferred this power on the city, and it was held liable for negligence in failing to maintain the sidewalk reasonably safe for such use.

The judgment here is that the demurrers to the complaint were properly sustained, and the judgment of nonsuit will be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.