152 So. 47

## TEXAS CO. v. WILLIAMS.
### 6 Div. 420.

Supreme Court of Alabama.
Jan. 11, 1934.

John S. Coleman and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Ewing, Trawick & Clark, of Birmingham, for appellee.

ANDERSON, Chief Justice.

As a general rule, no duty rests upon the owner or occupant abutting a sidewalk to keep the same in repair, and he is not liable ffor defects which he did not create. Hill v. Reaves, 224 Ala. 205, 139 So. 263; 13 R. C. L. 321, § 265. But, where the abutting owner or occupant, as here, creates or establishes a driveway over or across a sidewalk for the use of his patrons or customers to go to or from his place of business, it becomes his duty to use reasonable care to see that so much of the sidewalk so used is kept in a reasonably safe condition for pedestrians. The plaintiff's evidence tends to show that she slipped and fell on that part of the sidewalk as used for a driveway of the defendant entering its place of business, that there was a slippery substance there that "looked like soapsuds," and "was slick, all right." The plaintiff's evidence also showed that she fell after 9 o'clock that night, while the defendant's only witness testified that she fell about 4:30 or 5 o'clock that afternoon, and that the sidewalk at the time was clean and safe. There being a conflict, the jury evidently adopted the plaintiff's theory, so the question is, What was the condition of the sidewalk at the time the plaintiff's evidence shows that she fell, and was the defendant responsible for same? The defendant's witness testified to washing and cleaning the crossway over the sidewalk that afternoon and denied using soap, but did say that lime was used, and that sometimes "a little waste oil, black oil from motors, will drop around in spots and we use lime for a sort of bleaching process; it helps to cut the grease too, to some extent." Thus we find from defendant's evidence that oil or grease did fall or drop at this point, and it was a question ffor the jury as to whether or not it had been removed by the cleaning that afternoon. True, the defendant's witness said the oil was dark, and the plaintiff's witnesses said it looked like soapsuds, and one that "it looked right slick, white like white grease," but this conflict could have been reconciled by the jury from a reasonable inference that, while the oil or grease may have been dark, the lime used did not remove all of the grease or oil and gave it a whitish or soapsud appearance. True, also, the defendant's witness testified that the washing was thorough and that a negro helper used a scrub brush, but the jury could reasonably infer, from all the evidence, that the cleaning was not thorough, and the plaintiff slipped and fell because of oil or grease on the sidewalk. At any rate, we do not think that the trial court erred in refusing the defendant's requested general charge.

The plaintiff's given charge, set out in the fifth assignment of error, was a correct statement of law. It did not instruct a finding, and did not therefore assume that the

plaintiff had made out a case of recoverable negligence. If it was misleading, it should have been explained by a requested charge. Moreover, the oral charge of the court placed the burden of proof upon the plaintiff to prove the negligence as charged in the complaint and that it was the proximate cause of the plaintiff's injury. This charge is unlike the one dealt with in the cases of Alabama·Steel & Wire Co. v. Thompson, 166 Ala. 460, 52 So. 75, and Frierson v. Frazier, 142 Ala. 232, 37 So. 825, and is not controlled by the other cases cited in brief.

We do not think that the trial court committed reversible error in not requiring the witness to answer the questions set out in the assignments of error 6 and 7. We agree with the trial court that the information sought was substantially covered by the previous testimony of the witness.

■■ There was no proof as to external injuries other than a considerable swelling of the knee; the plaintiff lost only about two months from her work, and, while she may have suffered pain and inconvenience from her knee, and from which she was not entirely free at the time of the trial, she failed to prove that her injuries were so permanent and would be so continuous as to justify the amount of damages awarded by the jury, and the trial court should have granted the defendant's motion for a new trial or required a reduction of same. There being no reversible error, however, in the record other than this, the case will stand affirmed if the plaintiff will, within thirty days, file a remittitur of all damages in excess of $1,200, otherwise the cause will be reversed and remanded. Section 6150 of the Code of 1923.

Affirmed conditionally.

GARDNER, BOULDIN, and FOSTER, JJ., concur.