[Civil No. 4317.  Filed June 23, 1941.]

[114 Pac. (2d) 904.]

ROSE L. COBB and JOHN COBB, Her Husband, Appellants, v. SALT RIVER VALLEY WATER USERS' ASSOCIATION, a Corporation, Appellee.

452

Messrs. Stockton & Karam, Mr. Eli Gorodezky and Mr. J. W. Cherry, Jr., for Appellants.

Messrs. Sloan, Scott & Green, for Appellee.

ROSS, J.—This is an appeal by Rose L. Cobb and John Cobb, her husband, from an order directing a verdict in favor of defendant, Salt River Valley Water

Users' Association, at the close of plaintiffs' case, and from a judgment rendered thereon.

The action is one for injuries sustained by Mrs. Cobb from a fall on the sidewalk in front of defendant's office building, located on West Van Buren Street at its junction with Second Avenue, in Phoenix. It appears from the complaint and the evidence that the defendant's premises abut on the sidewalk on the south side of Van Buren Street and that a portion thereof is maintained as a lawn or grass plot; that on the day Mrs. Cobb was hurt, defendant's gardener had been watering the lawn with a hose and that as a result thereof a thin stream of water, 10 or 12 inches wide, had seeped onto and over the sidewalk; that the plaintiffs, in going to where they had parked their automobile, had to pass over said sidewalk and when Mrs. Cobb stepped thereon her left foot slipped "and her feet flew out from under her"; that the place where she slipped "was inclined to be slick," caused by a mixture of the water with silt or dirt from the street or lawn. The sidewalk is concrete. The accident happened about twelve o'clock, noon, on a clear day in April, 1939. The question is, were the facts sufficient to take the case to the jury.

■ The abutting owner of property, it is said, has two distinct rights: the one public, which he enjoys in common with all citizens, and private rights which arise from his ownership of contiguous property. 44 C. J. 942, § 3708. Of the latter kind there are many rights, such as access, light, air, privacy, and others, but we find no case holding that such owner has a right to run waste water used to sprinkle or irrigate his lawn on or across the sidewalk in front of his premises, or to do any other affirmative act impairing the safety of such sidewalk.

■■ The owner of property abutting on a public street is under no common-law duty to keep it in repair. If, through natural causes, it becomes dangerous and persons traveling thereon are harmed thereby, he is not liable therefor. If, from falling snow or rain, ice is formed in front of his premises and a pedestrain steps on it and falls, he is not liable for any resulting injuries. He does, however, owe a duty to the public to do no affirmative act that will create a dangerous condition in the street fronting his property. He may not, for instance, by artificial means discharge water or snow upon a sidewalk or street at a time when the natural result would be to form ice and claim exemption from liability for resulting injuries to a pedestrian. 43 C. J. 1102, §§ 1865, 1866. It is said in *Schwartz* v. *Howard Savings Institution,* 117 N. J. L. 180, 187 Atl. 171, 172:

" . . . An owner is responsible for defects in the sidewalk caused by his affirmative wrongdoing or negligent use of such sidewalk for other than its intended purpose. . . . "

The court in *Bullard* v. *Mattoon,* 297 Mass. 182, 8 N. E. (2d) 348, 349, states the rule as follows:

"A landowner 'has no right to collect water into a definite channel by a spout or otherwise and pour it upon a public way. If he does this and through the operation of natural causes the water freezes, he is the efficient cause in the creation of a nuisance and is liable for whatever damage ensues as a probable consequence.' *Field* v. *Gowdy,* 199 Mass. 568, 570, 571, 85 N. E. 884, 885, 19 L. R. A. (N. S.) 236. This principle applies whether water so collected is poured directly on the street, *Shipley* v. *Proctor,* 177 Mass. 498, 59 N. E. 119, *Leahan* v. *Cochran,* 178 Mass. 566, 60 N. E. 382, 53 L. R. A. 891, 86 Am. St. Rep. 506, *Cerchione* v. *Hunnewell,* 215 Mass. 588, 102 N. E. 908, 50 L. R. A. (N. S.) 300, or is deposited some distance from the street but flows down a concrete walk, *Field* v. *Gowdy, supra,* or a sloping bank, *Cochran* v. *Barton,* 233

Mass. 147, 123 N. E. 505, or other graded area on the owner's premises to the highway. . . . "

This seems to be the rule everywhere. Whatever it is that causes the harm to the pedestrian, if it is the affirmative act of the abutting owner, whether it be from the freezing of melting snow or rain cast on the sidewalk by such owner (*Douglas* v. *Johnson* (Sup.), 16 N. Y. Supp. (2d) 644, *Troy* v. *Dix Lumber Co.*, 300 Mass. 214, 15 N. E. (2d) 272), or escaping oil (*Collais* v. *Buck & Bowers Oil Co.*, 175 Wash. 263, 27 Pac. (2d) 118), or wet vegetable leaves left on sidewalk (*Fadem* v. *City of St. Louis,* (Mo. App.) 99 S. W. (2d) 511), or spilled gasoline on sidewalk (*Hanlon* v. *City of Waterbury,* 108 Conn. 197, 142 Atl. 681), he is liable for the resulting harm.

The only difference in the cases cited and the present case is the substance that created the slippery condition of the sidewalk. In those cases it was ice, oil, gasoline and wet vegetable leaves. Here it was the mixture of water with dirt or silt that made the sidewalk slippery. In all these cases it would seem that the abutting owner might well have anticipated that his act was likely to result in an accident and injury to pedestrians.

In *Dillow* v. *City of Yuma,* 55 Ariz. 6, 97 Pac. (2d) 535, 537, the question was as to whether the city was guilty of actionable negligence in leaving a defect in its sidewalk from which the plaintiff suffered injury. In that case we said, quoting from *Shugren* v. *Salt Lake City,* 48 Utah 320, 159 Pac. 530, 533:

" ' . . . It seems to us that in case it is made to appear that reasonable men might arrive at different conclusions with regard to whether the maintenance of a particular defect in a sidewalk or street constituted negligence on the part of the municipality, the question should be submitted to the jury. . . . ' "

The same rule should apply when the dangerous condition is created by an abutting owner's affirmative act.

█ When the plaintiffs closed their case, the evidence unquestionably showed that the appellee had permitted the waste water from its sprinkling operations to run onto and across the sidewalk, with a spread of 10 to 12 inches; that such water was mixed with dirt or silt; that such mixture caused the sidewalk to be slippery, and that Mrs. Cobb would not have fallen except for the wet, slippery condition of the sidewalk. In such circumstances, it would seem the question as to whether the appellee was guilty of common-law negligence should go to the jury.

The City of Phoenix has provided, in Ordinance 99, section 1442 of the Phoenix Municipal Code of 1939, as follows:

"Waste Water Into Streets:—No person, firm or corporation shall flow, discharge or run, from his or its premises, factory, printing office, residence or place of business, upon any street, alley or public place within the city any water or waste water, or construct or maintain any channel, ditch, flume or conduit, by means of which, and whereby, said water may be discharged into or upon any street, gutterway, sidewalk, alley or public place, from said premises, factory, printing office, residence or place of business, except by permission of the City Commission first had and obtained."

Appellee thinks this provision has no application to lawn-sprinkling operations by abutting owners, where, as it says, "with the utmost care and foresight, it is impossible to prevent small quantities of water from blowing or running onto the public sidewalks." The language of the ordinance does not except sprinkling operations, or any other kind of operation that

"shall flow, discharge or run . . . any water or waste water . . . upon any street . . . sidewalk . . . from

said premises, . . . residence or place of business, except by permission of the City Commission first had and obtained.''

■■ Literally, the ordinance covers and forbids the very act appellee admits it committed, to wit, permitting waste water from its sprinkling operations to flow, discharge and run onto the sidewalk. A violation of an ordinance or statute forbidding a party to do a certain act is negligence *per se.*

''Actionable negligence may be of two kinds, either statutory or common law. Where a valid statute, enacted for the public safety, or governmental regulations made in pursuance thereof, provide that a certain thing must or must not be done, if a failure to comply with the regulations is the proximate cause of injury to another, such failure is actionable negligence *per se.* . . . '' *Salt River Valley Users' Ass'n* v. *Compton,* 39 Ariz. 491, 8 Pac. (2d) 249, 251.

''It is well established that violation of a statute prescribing a duty for the protection and safety of persons or property, or of a municipal ordinance having a like purpose, is evidence of negligence, sufficient to require that the question of negligence be submitted to the jury and sufficient to sustain a finding that the particular act or omission involving such breach of duty was negligent. . . . '' 45 C. J. 717, § 101.

Appellee suggests that there is no showing that it was ''responsible for the presence of the so-called 'silt' or dust in the water, or, that if it was in fact present, such was the proximate cause of the accident.'' It is argued from this statement that the evidence shows the accident was due to several causes and that it is not shown to have been from a cause for which appellee is responsible. As we construe the evidence, the accident was due to but one cause, to wit, the slippery condition of the sidewalk, which was the result of the application to such sidewalk of a mixture of water and silt or dirt.

■ Appellee also suggests that if it is held liable the abutting property owner will in the future sprinkle or irrigate his yard on penalty of liability in damages to persons injured by walking at high noon into a small amount of water, which, perchance, had trickled across the walk, with the result that the famed beauty of lawns and grounds of Phoenix homes and business establishments must of necessity become a thing of the past. We think that neither of these calamities necessarily follows. Contributory negligence is a defense in this kind of action the same as any other. Phoenix has been a charter city for some sixty years and during all those years, when there was a sufficient water supply, its citizens have cultivated, irrigated and sprinkled their gardens, yards and lawns, and this is the first case of the kind that has reached this court and it need not alarm abutting property owners who exercise ordinary care not to create dangerous conditions on the sidewalks in front of their premises.

All we are deciding is that plaintiffs had, at the close of their case, presented facts entitling them to go to the jury. Liability for the injury sustained by Mrs. Cobb is subject to the condition that appellee's act in allowing the waste water to run over and on the sidewalk was the proximate cause of the injury.

" . . . This rule is equally applicable where the act complained of constitutes a violation of a statute or ordinance. Consequently, it must appear that the injuries sustained are the natural result of the condition complained of and are such as might reasonably be foreseen. . . . " 25 Am. Jur. 676, § 377.

For the foregoing reasons, the judgment is reversed and the cause remanded with directions that the plaintiffs be granted a new trial.

LOCKWOOD, C. J., and McALISTER, J., concur.