43 So.2d 537

### VAN ANTWERP REALTY CORPORATION v. WALTERS.

I Div. 382.

Supreme Court of Alabama.

Dec. 22, 1949.

188

Johnston, McCall & Johnston, of Mobile, for appellant.

Allan R. Cameron, Francis H. Inge and Inge, Twitty, Armbrecht & Jackson, all of Mobile, for appellee.

FOSTER, Justice.

This is an appeal from a judgment in favor of appellee for personal injuries caused by his stepping in a hole in the sidewalk in downtown Mobile.

Appellant maintained a coal chute in the sidewalk, covered by a large steel plate, in which was a smaller hole about eighteen by twenty inches also covered by a steel plate. The small hole was open about three-thirty to four o'clock in the morning without guards or warning signals of any kind. Appellee was walking along the sidewalk, where it was dark, and stepped in the hole at about that hour and received personal injuries.

The case was tried on three counts. Count 1 charges negligence in maintaining the said hole or coal chute in a dangerous and unsafe manner. Count 2 charges negligence in not properly maintaining said sidewalk, in that defendant permitted the said opening or coal chute to remain open in the nighttime without a guard rail around it or without lights or warnings of any kind to the public that the hole was uncovered and was an unsafe place in the said sidewalk for pedestrian traffic. Count 3 charges that defendant negligently maintained a coal chute or opening in the side-

walk, in that defendant failed to maintain the portion of said sidewalk in a reasonably safe condition for the travel of pedestrians on said public sidewalk, and defendant failed to place guard rails, lights or other warning signals that said coal chute or opening in said sidewalk was open and in a dangerous condition.

There was no demurrer to the complaint. Defendant filed two pleas, the general issue and contributory negligence. A demurrer was sustained to the plea of contributory negligence, as to which no point is here raised. The case was tried on the three counts and general issue.

In the course of the court's oral charge to the jury he stated in substance that if the defendant installed the opening in the sidewalk, the law places upon him the duty of reasonable diligence to see that the sidewalk is maintained in a condition reasonably safe for the passage of pedestrians, and that for plaintiff to recover it was necessary for him to reasonably satisfy the jury from the evidence that the defendant failed to exercise reasonable diligence to make said sidewalk reasonably safe for the passage of pedestrians either by creating a defect in the sidewalk or after having created the defect negligently failing to safeguard that defect so created by the erection of barriers or lights. Such definition of the duty on the part of defendant in connection with that situation is repeated several times in the charge, in which it is clearly stated that the duty of defendant is to exercise reasonable diligence to make the sidewalk reasonably safe for the passage of pedestrians on account of the opening which was constructed and maintained by the defendant.

There was no question in the case but that defendant maintained the coal chute or hole in the sidewalk into which plaintiff fell.

An insistence made by appellant is that there was error in giving at the instance of the plaintiff three written charges numbered 5, 6 and 8. Charges 5 and 6 purport to express the law with respect to the rights of plaintiff affecting his duty in such a situation, and in substance declare that

he had the right to assume that the sidewalk was *maintained in a safe condition*. Both charges 5 and 6 present the same legal question. The appellant insists that the error consisted in not referring to the safety of the condition mentioned in the charge as being *reasonably* safe. In other words, the point is that a pedestrian walking along the sidewalk has the right to assume that the sidewalk is maintained in a reasonably safe condition but cannot assume that it is maintained in an absolutely safe condition. A condition may be properly safeguarded and not be absolutely safe. One may disregard the warnings and be injured or fail to make casual observation.

■ It is not the duty of one who maintains such a condition to do so in a manner that it will be absolutely safe to one traveling along the sidewalk, City of Birmingham v. Smith, 241 Ala. 32, 200 So. 880, but it must be reasonably safe by proper guards or warning signals. We have an abundance of authority to sustain that principle. Hill v. Reaves, 224 Ala. 205, 139 So. 263; Texas Co. v. Williams, 228 Ala. 30, 152 So. 47; City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542; City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; Brooks v. City of Birmingham, 239 Ala. 172, 194 So. 525; City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4.

■ It is also true that when contributory negligence is charged to the plaintiff, it is proper for the court to charge the jury, at the instance of plaintiff, that he has the right to assume that the sidewalk is maintained in a reasonably safe condition. City of Birmingham v. Smith, supra; 15 Ala.Dig., Municipal Corporations, ☞806 (2), p. 209; City of Decatur v. Gilliam, 222 Ala. 377, 133 So. 25. It will follow therefore that he has no right to assume that the sidewalk is maintained in an absolutely safe condition.

■ As we have noted above, the case was not tried on the plea of contributory negligence and, therefore, plaintiff's contributory negligence was not an issue in the case and there was no occasion for the court. to declare the legal principle which would apply to the right or duty of the plaintiff under those circumstances, except as it may illustrate the duty of defendant. There was no reason, therefore, for the court to charge the jury as to the assumption that the plaintiff had a right to make in connection with the safety of that condition, except as the jury may apply the statement of that principle to the duty of defendant. The court, as we have stated, very clearly made, and repeated several times, the statement that the duty of defendant was to exercise reasonable diligence to maintain the place in a reasonably safe condition, so that it cannot be assumed that the jury would draw an inference, different from what is so clearly stated, from charges 5 and 6 declaring a right of plaintiff toward that situation.

Charge 6, referred to above, is an exact reproduction of charge No. 1 in the case of Mayor and Aldermen of Birmingham v. Starr, 112 Ala. 98, 20 So. 424, 425. The Court in referring to that charge, in general terms, merely stated that there was no error in the instructions given at the request of the plaintiff, without any elaboration or discussion of the subject whatever. Appellant insists the Court in that case did not carefully consider the language of the charge. Some of our cases have not always been careful to take note of the fact that the word "safe" in that connection should be preceded by "reasonably," either in defining the duty of defendant or the right of the plaintiff. City of Birmingham v. Coe, 31 Ala.App. 538, 20 So.2d 110, certiorari denied 246 Ala. 231, 20 So. 2d 113.

In any event, the determination of whether or not the case should be reversed for the failure to use the proper language should depend upon the incidents of the trial and the issues involved. If the matter of safety is not in question, that is, whether the condition was absolutely safe or was merely reasonably safe, we feel like the jury would not be misled in the use of the word "safe" without it being preceded by "reasonably" in defining the duty of the defendant when the situation is unques-

tionably dangerous in a high degree, and the issue tried was not the degree of its safety but whether there was a breach of duty in allowing it to remain in that condition. It would seem to be unnecessary, and may sometimes be, distracting to emphasize a distinction between a condition which is absolutely safe and one which is reasonably safe, when the jury has been carefully instructed in that respect and no controversy exists about it.

The question here does not involve an element of safety. An open hole in the sidewalk, large enough for a man to step in, without guard or warning signals of any kind, on a dark night, where pedestrians travel, is not reasonably safe, City of Birmingham v. McKinnon, 200 Ala. 111, 75 So. 487, and there is no occasion to confuse the minds of the jury with a distinction between absolute safety and reasonable safety.

The court gave the jury in its oral charge the correct formula by which to determine the duty of defendant. We think if there was any error in charging the jury at the instance of plaintiff in charges 5 and 6, that a pedestrian had the right to assume that the place was safe, it was not injurious to the defendant, see, Rule 45, Code 1940 Tit. 7 Appendix, and if the defendant felt like the jury might be misled into the belief that there was a duty on the part of defendant to maintain the place in an absolutely safe condition, an explanatory charge would have been available.

Charge 8, which was given for plaintiff, is criticised by appellant for the reason that it is not predicated upon a finding based upon the evidence. We agree that this charge should have included in it a statement to the effect that the jury must be controlled by the evidence in the case and for that reason the charge might have been refused without error.

We are not willing to say that the failure to insert such a statement in the charge should here work a reversal. We do not think the jury could reasonably have been misled into believing that the court meant to charge them that their finding need not be based upon the evidence, in view of the fact the oral charge of the court was particular to instruct them that their findings must be based upon the evidence. We do not think it is necessary to make further elaboration upon charge 8. Western Union Telegraph Co. v. Gorman, 237 Ala. 146, 185 So. 743.

Appellant also insists the defendant should have been granted a new trial on motion which was made and denied in the trial court, and in support of that contention states "the facts do not justify the large verdict rendered in favor of the plaintiff; and no doubt it was due in a large degree to the charges heretofore argued * * *. It is respectfully submitted that for the same reasons heretofore assigned * * * the court should have granted this defendant a new trial."

We are not in accord with that insistence made by appellant, but we see no occasion for further discussion.

Those being the only questions presented for review on this appeal, and finding them against the contentions of appellant, it is necessary to affirm the judgment of the trial court.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.