118 So.2d 727

**LOUIS PIZITZ DRY GOODS COMPANY**

**v.**

**Mary D. HARRIS.**

**6 Div. 416.**

Supreme Court of Alabama.

Dec. 17, 1959.

Rehearing Denied March 24, 1960.

Sadler, Sadler, Sullivan & Herring, Birmingham, for appellant.

Berkowitz, Lefkovits & Paden, Birmingham, for appellee.

LAWSON, Justice.

This is an action for damages for personal injuries alleged to have been sustained by plaintiff, Mrs. Mary D. Harris, on June 30, 1956, when she slipped and fell upon the sidewalk in front of the store of the defendant, Louis Pizitz Dry Goods Company, at 1821 Second Avenue, North, in the City of Birmingham.

The jury returned a verdict in the amount of $10,000. Judgment was entered accordingly.

Upon the filing by the plaintiff of a remittitur of all damages in excess of $7,000, the defendant's motion for a new trial was overruled. A final judgment in the amount of $7,000 was entered and this appeal followed.

■ The owner of property abutting on a public way is under no common-law duty to keep it in repair. If, through natural causes, it becomes dangerous and persons traveling thereon are injured, the abutting owner is not liable. Texas Co. v. Williams, 228 Ala. 30, 152 So. 47. See City of Birmingham v. Wood, 240 Ala. 138, 197 So. 885; Hill v. Reaves, 224 Ala. 205, 139 So. 263.

■ An abutting owner, however, owes a duty to the public to do no affirmative act that will create an unsafe condition in the public way fronting his property. It is his duty to use reasonable care to see that the portion of the sidewalk used by him is kept in a reasonably safe condition for pedestrians. Texas Co. v. Williams, supra; Van Antwerp Realty Corp. v. Walters, 253 Ala. 187, 43 So.2d 537.

■ The general rule seems to be that whatever it is that causes the harm to the pedestrian, if it is the affirmative act of the abutting owner, whether it be from the spilling of melted snow or rain cast on the sidewalk by such owner (Douglas v. Johnson, Sup., 16 N.Y.S.2d 644; Troy v. Dix Lumber Co., 300 Mass. 214, 15 N.E.2d 272; Annotation in 34 A.L.R. beginning at page 409); or escaping oil (Collais v. Buck & Bowers Oil Co., 175 Wash. 263, 27 P.2d 118); or wet vegetable leaves left on the sidewalk (Fadem v. City of St. Louis, Mo. App., 99 S.W.2d 511); or spilled gasoline on the sidewalk (Hanlon v. City of Waterbury, 108 Conn. 197, 142 A. 681); or water mixed with dirt or silt (Cobb v. Salt River Valley Water Users' Ass'n, 57 Ariz. 451, 114 P.2d 904), he is liable for the resulting harm to a pedestrian who was injured while exercising due care.

The defendant does not contend that the law is other than as stated above, but does insist that under the facts as shown by the record before us, it was entitled to the general affirmative charge with hypothesis and that the trial court erred in refusing that charge, which was duly requested in writing.

Defendant says that it was entitled to the affirmative charge with hypothesis for two reasons: First, no proof of negligence on part of defendant. Second, contributory negligence of plaintiff.

■ In treating of this insistence, we review the evidence in the light most favorable to the plaintiff, for when an affirmative instruction is refused and the party who requested the charge appeals, the entire evidence is viewed in the light most favorable to the opposite party, and where reasonable inferences may be drawn adverse to the party who requested the charge, the action of the trial court in refusing the charge must be affirmed. Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696, 61 A.L.R.2d 1346, and cases cited.

Mrs. Harris fell on the concrete sidewalk adjacent to defendant's store at about 9 o'clock in the morning on a clear dry day. She was on her way to keep a beauty parlor appointment at defendant's store.

Tendencies of the evidence are to the effect that Mrs. Harris slipped and fell after stepping into a small stream composed of water and ammonia which had been used by defendant's employee in washing defendant's display windows. The stream of water and ammonia ran from a display window across the sidewalk. The stream was approximately one inch wide. It had "gathered some dust but there was [sic] no objects in the water such as dirt or debris."

According to the defendant's answer to interrogatories approximately one teaspoon of ammonia was mixed with ten quarts of water to make the solution needed to clean the defendant's display windows.

H. Leroy Thompson, a chemical engineer, testified for the plaintiff. After stating his qualifications and familiarity with water and ammonia, he was asked the following question:

"Now Mr. Thompson, I want you to assume someone is washing—assume on June 30, 1956, a man was washing a window on Second Avenue in Birmingham, Alabama, washing a display window at Pizitz Department Store, and that he used, to wash this window ten quarts of water mixed with one teaspoon of ammonia and that in washing this window, some of that mixture ran from the window, or it spilled where it was mixed, and formed a small stream that ran across the public sidewalk. Do you have an opinion whether or not that stream would cause a public sidewalk, where the stream crossed, to be more slick than other area that were dry?"

After the question was reframed so as to show that the sidewalk was made of concrete, the trial court overruled objections of the defendant interposed to the question and the witness answered: "The opinion is that the sidewalk was likely to be more slippery, under those circumstances."

The witness was then asked to state the basis of his opinion. He replied:

"This is a matter of what they call detergent, setting action, in using water to wash any surface that has dirt, grit, or oil, it is customary in every day experience to use some detergent, which may be soap, it may be washing powders, household ammonia, to soften the water or lower its surface tension. The function is to soften the particles on the surface, that you want to wash so that it can be wiped off easily. Soap will tend to do the same thing. It lessens the adherence of any particular particle that might be attached, a sidewalk, or street surface, that would have impurities imbedded into it. That will include coal tar and automobile exhausts, those things make a slippery surface. If the particles are sufficiently softened, or loosened, any solution that has a detergent action will tend to loosen those particles and make them more slippery. It is a similar experience, common in personal experiences. It is like a roadway, when we drive, and when it is dry, it will not be slippery, but when wet, it is slippery. A little bit of water on the road surface will make it slippery.

\* \* \* \* \* \*

"\* \* \* If enough water has passed over a surface, if that water has sufficient detergent action, soap, washing powder, it is likely to wash all of this film off of this surface and to have it relatively clean. A clean wet surface does not tend to be as slippery as a wet surface. If you have just enough water to loosen those impurities, you have your condition of

maximum slippery, or minimum friction."

In Alabama the rule in civil cases is that the case must go to the jury if the evidence or the reasonable inferences arising therefrom furnish "a mere 'gleam,' 'glimmer,' 'spark,' 'the least particle,' the 'smallest trace', 'a scintilla'" in support of the theory of the defendant's liability. Ex parte Grimmett, 228 Ala. 1, 152 So. 263, 264; Alabama Great Southern R. Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L. R.2d 1190.

We are unable to say that there was no scintilla going to sustain plaintiff's contention that she was caused to fall by the negligence of the defendant's servant.

As we construe the evidence, the jury could find therefrom that the accident was due to the one cause, to wit, the slippery condition of the sidewalk which resulted from the presence on the sidewalk of a mixture of water and ammonia negligently cast thereon by defendant's servant.

It was a jury question as to whether the defendant breached its duty to use reasonable care to see that the part of the sidewalk used by it in washing its windows was kept reasonably safe for pedestrians. Texas Co. v. Williams, supra; Cobb v. Salt River Valley Water Users' Ass'n, supra.

The present case is distinguishable on the facts from Cox v. Goldstein, 255 Ala. 664, 53 So.2d 354, and from Opelika Montgomery Fair Co. v. Wright, 36 Ala.App. 1, 52 So.2d 404, certiorari denied, 255 Ala. 499, 52 So.2d 412.

In Cox v. Goldstein, supra, the plaintiff fell in the vestibule leading to the defendant's store. We affirmed the action of the trial court in giving the affirmative charge for the defendant. However, we pointed out in the opinion that "there was no soap, grease or other foreign slippery substance on the floor except rain water," and said:

"It is not the duty of persons in control of such passageways to keep a force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several obvious reasons unnecessary to mention in detail." [255 Ala. 664, 53 So.2d 357]

In the Opelika Montgomery Fair Co. case, supra, the fall occurred on steps inside the store and the Court of Appeals in its opinion pointed out that there was no evidence from which it could be reasonably inferred that there was any foreign substance upon the steps. That court said also that: "The negligence, if any, of the defendant must flow from the slipperiness of the steps inherent in their construction out of the terrazzo, a marble like substance." [36 Ala.App. 1, 52 So.2d 410]

Here the fall occurred on the sidewalk and there is evidence which tends to show that the defendant's servant cast upon the sidewalk a foreign substance which made the sidewalk slippery

Plaintiff was under no duty to look out for the cleaning solution on the sidewalk without notice that there was some occasion to do so. Great Atlantic & Pacific Tea Co. v. Miller, 229 Ala. 313, 156 So. 834. There is no direct evidence that she had such notice and her own testimony is positive that she had none and that she did not see the stream of water and ammonia until after she fell. The defendant was not entitled to the general affirmative charge with hypothesis on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

The defendant argues that the trial court committed reversible error in overruling defendant's objection interposed to the hypothetical question asked the witness Thompson on the ground that the question called for an opinion on a matter of common knowledge.

The rule governing admissibility of expert opinion evidence is that such evidence should not be admitted unless it is

clear that the jurors themselves are incapable, from want of experience or knowledge of the subject, to draw correct conclusions from the facts proved. It is not admissible on matters of common knowledge. Alabama Great Southern R. Co. v. Bishop, supra, and cases cited.

 The effect of a solution of water and ammonia upon a concrete sidewalk is not, in our opinion, a matter within common knowledge and we think the testimony of the chemist was proper to an enlightened consideration and determination of the question whether the defendant was negligent in the manner in which it washed its display windows.

Such testimony could not have prejudiced those of the jury who were equally informed and it might have been of assistance to those not so well posted. Prickett v. Sulzberger & Sons Co., 57 Okl. 567, 157 P. 356.

The defendant contends that the damages as finally fixed are excessive.

Damages for physical pain and mental anguish are in large measure discretionary and the rule is not to reverse on that account unless the amount is so excessive or inadequate as to indicate prejudice, passion, partiality or corruption—not an easy conclusion after the trial court has approved the verdict. Whitman's Fifth Avenue Garage Co. v. Ricks, 211 Ala. 527, 101 So. 53; Brandwein, d/b/a Brandy's, v. Elliston, 268 Ala. 598, 109 So.2d 687.

Here the trial court has shown its disapproval of the $10,000 verdict, but it has adjudged, in effect, that the sum of $7,000 is a just award under the facts and circumstances of this case. We are not inclined to disturb the trial court's judgment in that regard.

Judgment affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.