KENNEDY, Justice.
The plaintiff, Mary Christine Jackson, appeals from a summary judgment entered in favor of the defendant, USX Corporation.
A summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), A.R.Civ.P.
To overcome a properly supported motion for summary judgment, the nonmov-ing party must present substantial evidence supporting its claims and creating a genuine issue of material fact. § 12-21-12, Ala.Code 1975. To satisfy the “substantial evidence test,” the nonmoving party is required to present “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” *23 West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Viewed in a light most favorable to the plaintiff as the nonmoving party, the evidence suggests the following:
On July 11, 1990, Steven Gene Jackson was traveling on Forestdale Bend Road in Jefferson County when his truck collided with a tree that had fallen across the road. He died shortly thereafter as a result of injuries sustained in the collision.
Forestdale Bend Road is located in an unincorporated part of Jefferson County. That portion of the county has been designated as “urban” by the state planning engineer. The road itself was acquired by prescription prior to July 11,1990. Jefferson County was responsible for maintenance and supervision of the road. The County routinely removed limbs and branches from the road; it had been notified seven months before the accident that a tree on Forestdale Bend Road was leaning at a 45-degree angle above the road.
The section of Forestdale Bend Road where the accident occurred is located in an undeveloped, heavily forested area owned by USX. It is undisputed that USX does not inspect the condition of trees growing on its lands. USX contends that inspection of the conditions of thousands of trees in a sparsely populated area such as this would impose an undue burden on USX. USX had received no notice that any tree was leaning across the road.
Mary Christine Jackson, as administratrix of Steven Jackson’s estate, filed this wrongful death action against USX and Jefferson County, alleging that the defendants were hable for Steven Jackson’s death, on the theories of negligence, wantonness, and nuisance. The plaintiff settled with Jefferson County, and it is not a party to this appeal.
The plaintiff argues that USX, as the owner of property abutting Forestdale Bend Road, a public highway, owed a duty to travelers on that road to prevent injury from defective or dangerous conditions created by the property. USX contends that the County had the exclusive authority to maintain and control its roadways and has a legal duty to keep its roadways in repair and in a reasonably safe condition.
In Danford v. Arnold, 582 So.2d 545 (Ala. 1991), a property owner sold timber to a lumber company and allowed the lumber company to remove the timber from a portion of the property abutting a public road. During the logging operations, mud carried by the trucks removing the timber accumulated on the road and caused the plaintiffs automobile accident. This Court held that there was no evidence in the record upon which a jury could find any duty owed by the property owner to the plaintiff, much less a breach of any duty that resulted in the plaintiffs injuries. In particular, the Court noted that the property owner had been to the property only once during the logging operations and on that visit had not seen any mud accumulated on the road.
In City of Birmingham v. Wood, 240 Ala. 138, 197 So. 885 (1940), the plaintiff sued the City and the owner of private land abutting a public sidewalk for damages, alleging that she had suffered personal injuries as the result of a fall the plaintiff said was caused by a defect in the sidewalk. The root of a tree located on the private land had spread underneath the sidewalk and had caused the sidewalk to become elevated. This Court held that although there may be a duty placed upon a property owner who, by some affirmative act creates or contributes to cause a defective condition, there is no legal duty upon the property owner to maintain the public sidewalk. The Court noted that the spreading of roots was “nature’s work,” of which the property owner had no control. The Court held that the duty to maintain the sidewalk belonged to the City and that the City could not transfer its duty to the owner of abutting property.
This Court held in Louis Pizitz Dry Goods Co. v. Harris, 270 Ala. 390, 118 So.2d 727 (1959), that an owner of property abutting a public way is under no common law duty to keep it in repair. If, through natural causes, it becomes dangerous and persons traveling on the public way are injured as a result of the condition of the abutting property, the owner of the abutting property is not liable. The owner of abutting property, however, owes a duty to the public to do no *24 affirmative act that will create an unsafe condition in the public way fronting his property. In Louis Pizitz Dry Goods Co., the property owner was held liable for a slip and fall caused by the property owner’s discarding a mixture of water and ammonia onto the sidewalk in front of his property.
In this ease, a tree located on USX’s property fell across a public road. USX committed no affirmative act causing the tree to fall across the street. It is undisputed that the tree fell because of natural causes. The plaintiff argues that USX had a duty to inspect the trees on this particular piece of property; we disagree. The property itself was undeveloped, as was the rest of the property in this area. USX did not cause or contribute to the dangerous condition created by the tree, and USX had no knowledge that the tree was decaying or diseased or was dangerous to those travelling on the road. Therefore, the evidence does not suggest negligence on the part of USX, because it indicates that USX owed no duty to Steven Jackson.
The plaintiffs claim of wantonness is without merit. There was no evidence that USX, with reckless indifference toward consequences, consciously and intentionally did some wrongful act, or omitted some duty, and thereby caused Steven Jackson’s injury.
As to the nuisance claim, we conclude that the plaintiff presented no evidence suggesting that USX had a duty to maintain the trees. “ ‘That which works hurt to another, to satisfy the statutory definition of a nuisance, must comport with the classical tort concepts of duty and causation.’ ” Hilliard v. City of Huntsville Elec. Util. Bd., 599 So.2d 1108, 1113 (Ala.1992), (quoting Tipler v. McKenzie Tank Lines, 547 So.2d 438, 440 (Ala.1989)).
Based on the foregoing, we affirm.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.