[No. 7653.   Decided August 26, 1909.]

WINNIFRED WOODRING, *by her Guardian Ad Litem*, MARY
WOODRING, *Respondent*, v. P. JACOBINO,
*Appellant*.[1]

INTOXICATING LIQUORS—CIVIL DAMAGE LAW—DEATH—EVIDENCE—
SUFFICIENCY. Under either Bal. Code, § 2945, or Laws 1905, p. 120,
a saloon keeper is liable to a minor child for the damages sustained
by reason of the death of her father, where he sold liquor to the
deceased under circumstances which would have led a man of ordi-
nary intelligence to believe that intoxication would probably result,
and where deceased became intoxicated and involved in a quarrel
and was killed while making a deadly and unprovoked assault upon
another; and a finding of damages in the sum of $400 will not be
disturbed where the evidence was conflicting.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered March 17, 1908, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action for damages for death
resulting indirectly from the sale of intoxicating liquors.
Affirmed.

*Smith & Brawley*, for appellant.

*Dave Hammack* and *J. P. Houser*, for respondent.

CROW, J.—This action was commenced by Winnifred
Woodring, a minor, by Mary Woodring her guardian *ad
litem*, against P. Jacobino, to recover damages resulting from
the death of Jacob Woodring, plaintiff's father. The com-
plaint alleged that the defendant, a saloon keeper, had sold
intoxicating liquors to Jacob Woodring, who drank the same
and became intoxicated; that whenever intoxicated he became
quarrelsome, vindictive and abusive; that his mind became in-
flamed, his judgment impaired, and his mental powers de-
ranged; that while intoxicated he became involved in an al-
tercation with one Grosjean, upon whom he made a deadly

[1]Reported in 103 Pac. 809.

and unprovoked assault; that in self-defense Grosjean struck and wounded him causing his death; that Woodring's intoxication had been caused in whole or in part by liquors sold him by the defendant; that by his death the plaintiff was deprived of her sustenance and support, and that she had been damaged thereby. From a judgment in plaintiff's favor, the defendant has appealed.

The assignments of error raise the single question whether the findings are supported by the evidence, and sustain the judgment. The trial court found, that on November 24, 1904, at the town of Hamilton, Skagit county, Jacob Woodring was killed by Grosjean, who was acting in self-defense; that Woodring was 59 years of age, in good health and able bodied; that he was addicted to the excessive use of intoxicating liquors, the effect of which upon his health the court was unable to determine; that respondent, his daughter, was nine years of age; that the appellant was conducting a saloon in Hamilton; that on November 24, 1904, he sold liquors to Woodring from which he became intoxicated; that by reason thereof he became involved in the altercation with Grosjean, upon whom he made a deadly assault; that his intoxication was caused by the liquors purchased from appellant, who sold them to him under circumstances which would have led a man of ordinary intelligence to believe intoxication would probably result therefrom, and that respondent had sustained loss in her support and maintenance in the sum of $400.

We have carefully examined the evidence and conclude that it is amply sufficient to support these findings, which in turn support the judgment. It is true that there was a considerable conflict of evidence, but the trial court saw the witnesses, heard them testify, observed their demeanor, and passed upon their credibility. This court, being deprived of the advantage thus afforded the trial judge, cannot, from the record, hold that the findings were not supported by a clear preponderance of credible evidence. Some question has

been raised in the briefs as to whether this action is based upon Bal. Code, § 2945 (P. C. § 5728), in force at the date of Woodring's death, or the amendment of that section, Laws 1905, p. 120, ch. 62, in force at the date of trial. The inquiry is an immaterial one, as the facts proven were sufficient to sustain respondent's recovery under either section.

The judgment is affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, FULLERTON, and CHADWICK, JJ., concur.