CHARLES RISEMAN, APPELLANT, V. HAYDEN BROTHERS, APPELLEE.

FILED APRIL 23, 1910. No. 16,019.

Personal Injuries: EVIDENCE: REVIEW. Action by plaintiff against defendant for damages resulting from personal injuries caused by a fall upon the sidewalk by reason of plaintiff having stepped upon a hidden tomato which slipped under his foot, causing the accident. An ordinance of the city of Omaha, in which the accident occurred, making it unlawful for any person to throw or leave upon the sidewalk of the city any straw, rubbish, or other refuse was introduced in evidence, but there was no evidence that defendant had violated any provision of the ordinance, or was in any way responsible for the presence of the tomato upon the sidewalk. *Held*, That the verdict and judgment in favor of defendant should be affirmed.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Weaver & Giller,* for appellant.

*Smyth, Smith & Schall, contra.*

Reese, C. J.

This action was commenced in the district court for Douglas county. Plaintiff's claim is founded upon personal injuries alleged to have been caused by the negligence of the defendant. It is averred in the petition that Hayden Brothers is a corporation organized under the laws of the state of Nebraska, the business being the operation and carrying on of a department store, in the city of Omaha; that one entrance to the grocery department, which is in the basement, is by means of an elevator between the sidewalk and the store building, by the use of which the groceries, fruits and vegetables purchased and sold are carried to and from the rooms of the department, and in making such transfer the merchandise is conveyed to and from the delivery wagons across the sidewalk; that in violation of an ordinance, set out in the petition, defendant negligently allowed and permitted the sidewalk at and near the said elevator to become littered with straw and other substances, and "carelessly and negligently permitted a piece of green tomato to be and remain on the sidewalk underneath the hay, straw and refuse so negligently permitted by defendant to be and remain upon said sidewalk"; that plaintiff in passing on and along said sidewalk, as was his right, and without negligence on his part, stepped upon some hay or straw which had been allowed to accumulate, and that said green tomato, being under said straw, was not seen, nor was its presence known by plaintiff, until by reason of his weight upon said straw and tomato the tomato was crushed and slipped under plaintiff, and he was thrown upon the sidewalk, receiving severe and painful injuries, to his damage, etc. Defendant answered, admitting its corporate existence and that it was engaged in business as alleged, denying other allegations, and setting out at some length the method by which its goods and wares were transported into and from its place of business across the sidewalk in question, but

which need not be further referred to. The reply is a general denial. A jury trial was had, resulting in a verdict and judgment in favor of defendant, and from which plaintiff appeals.

The ordinance referred to is as follows: "Section 24. It is hereby declared unlawful for any person to throw, drop, place or sweep upon any sidewalk along any paved street or alley in the city of Omaha, or to throw, drop, place or leave in any gutter of any paved street or alley in the city of Omaha, or to throw, drop, leave or place upon the pavement of any street or alley of the city of Omaha any papers, sweepings, straw, filth or rubbish of any kind or description, or to throw, place or leave upon any sidewalk, gutter or street in the city of Omaha any dead rat, or other dead animal, or anything which may cause a litter or nuisance; and any person doing any such unlawful act, and any firm, company or corporation owning or occupying any store, office or other building in the city of Omaha who shall authorize, permit or allow any sweepings, paper, rubbish or other thing herein specified to be thrown, placed or left upon any paved street or alley or upon any sidewalk or in any gutter of any paved street shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not exceeding one hundred ($100) dollars for each and every offense. And it is hereby further declared unlawful for any person, firm, company or corporation to sweep or authorize or permit to be swept in front of his or its premises any sidewalk in front of any store, office building or other business building along any paved street in the city of Omaha between the hours of 8 o'clock A. M. and 10 o'clock P. M., and any person so sweeping or authorizing or allowing such sweeping of any such sidewalk between said hours of 8 o'clock A. M. and 10 o'clock P. M. shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not exceeding ten ($10) dollars; provided, however, that the foregoing provision relating to sweeping sidewalks shall not apply to sweeping any snow which may fall upon

or accumulate thereon." Thomas, Revised Ordinances of the City of Omaha, ch. 54, sec. 24.

The evidence discloses, without contradiction, that plaintiff, at or about the place referred to, slipped and fell upon the public sidewalk and received a very severe, painful and, perhaps, permanent injury. There sceems to be no doubt about this; and it is quite well established that his fall was caused by stepping upon a green tomato which was crushed and, under his weight, slipped upon the walk, and that the injury resulted from the fall. For the purposes of this case, we may assume, but without deciding, that the ordinance in question was violated by someone, that its violation imposed a liability upon the guilty party, the proof of which might be considered evidence of negligence; that plaintiff's injury occurred adjacent to defendant's place of business, and near where it received and sent out its merchandise, and yet plaintiff could not recover, owing to the fact that the evidence failed to show that the tomato was left upon the sidewalk by defendant or any of its employees. We have searched the bill of exceptions throughout and are unable to find such proof. It may be that the fact that the tomato was upon the sidewalk in front of defendant's place of business, and near the place of receiving and sending out its fruits and vegetables, might be considered with other evidence as a circumstance, if unexplained, in support of the claim that it was placed or allowed to remain there by defendant or its employees. Yet, in view of the fact that the sidewalk was along one of the principal streets of the city, that very near the spot where plaintiff fell other dealers in the same character of goods were engaged in business, and that the sidewalk was in common and continual use of the pedestrian public, defendant could not, upon those facts alone, be held to have violated the ordinance. The burden rested upon plaintiff to establish by a preponderance of the evidence that defendant had been guilty of some act, or had failed to discharge some duty, which resulted in plaintiff's injury. The accident was a very unfortunate one for plaintiff, but

the fact of the injury, alone, without proof that defendant was in some way responsible for it, would not permit a recovery or justify a judgment against it. Defendant may have been guilty of wrong and proof of such guilt out of reach of plaintiff, yet that could not alter the legal result.

Complaint is made of two instructions given the jury, but as plaintiff could not recover in any event, for want of sufficient evidence to sustain a verdict, no good purpose could be subserved by examining them.

The judgment of the district court is

AFFIRMED.