[No. 24234. Department Two. March 6, 1933.]

ARTHUR L. GENERAUX *et al., Appellants,* v. C. H. PETIT *et al., Respondents.*[1]

[1]Reported in 19 P. (2d) 911.

*Arthur L. Generaux,* for appellants.

*Welsh & Welsh,* for respondents.

TOLMAN, J.—Appellants Generaux brought this action to foreclose a mechanic's lien duly assigned to them by one Kalina. Respondents Petit, as the owners of the real estate affected by the lien, were made parties defendant, as also were respondents Colkett, who held a mortgage on the property given to them by respondents Petit.

Respondents Colkett cross-complained, seeking the foreclosure of their mortgage as a first and prior lien on the real estate, although they seem to admit that, unless the lien was satisfied by the tender hereinafter referred to, the lien was prior in right to their mortgage. A trial on the merits resulted in findings and conclusions favorable to respondents Colkett, and a decree establishing their mortgage as a prior lien and directing its foreclosure. The plaintiffs have appealed to this court from that decree.

The whole controversy here is waged over the question of whether or not, prior to the bringing of an action to foreclose the lien, the lien claimant is entitled to an attorney's fee of five dollars for the preparation of the notice or claim of lien.

The trial court found that Kalina was entitled to a lien for labor and materials in the sum of $26.56, that he caused to be prepared and duly filed a notice of lien upon the property in that amount and paid for the filing thereof the sum of fifty cents, that the lien was duly assigned to appellants, who later assigned it to another.

While the title to the lien was in the last mentioned assignee thereof and on January 26, 1932, the mortgagees Colkett gave to such lien holder a check on a local bank for $27.06; the lien claimant did not object to the form of the tender, but retained and held the check until February 5, 1932, when he returned it to the drawer with a letter saying, in effect, that the check was refused and returned because it was insufficient in amount by the sum of five dollars, claimed to be a reasonable attorney's fee incurred in preparing and filing the notice of lien. In the meantime, and on February 2, 1932, or seven days after the check was tendered to the lien holder, the bank on which the check was drawn closed its doors and went into the hands of a receiver.

The trial court expressly found that, had the check been presented for payment at any time prior to February 2, 1932, it would have been paid.

The trial court's findings to the effect that the only objection to the tender was because there was not added thereto the sum of five dollars as an attorney's fee, and that no objection was voiced because of the tender being by check instead of in cash, are well supported by the evidence, and we have only to inquire whether the tender was sufficient in amount, and whether the failure of the bank seven days after the check was tendered has any effect upon the situation.

After the tender was made and after the check was returned to the drawer, the then holder of the lien reassigned it to appellants Generaux, and they thereafter instituted the action.

The lien was filed under Rem. Rev. Stat., § 1133, which does not, by its terms, touch upon the question of costs. Section 1141, following, which provides for costs and attorney's fees to be allowed as a

part of the judgment of foreclosure, is the only statutory provision for attorney's fees in connection with such a lien at any time during its life.

That provision relates only to attorney's fees in the superior and supreme courts, and reads:

"The court may allow, as part of the costs of the action, the moneys paid for filing or recording the claim, and a reasonable attorney's fee in the superior and supreme courts."

Appellants cite and largely rely upon Rem. Rev. Stat., § 1131-3, which is a part of the act of 1917 (Chap. 110, Laws 1917, p. 410), relating only to liens on orchard lands. Even in that act, the allowance of an attorney's fee for preparing the lien may be made by the court only as a part of the costs on foreclosure.

But, however that may be, the act of 1917 is a special act relating only to liens on orchard lands, and it has no effect on the general lien statute, which was enacted long prior thereto. It is, however, argued that the act of 1917 should be regarded as amending the prior act in respect to the allowance of attorney's fees, otherwise it grants special privileges and immunities to one class of lien claimants which are denied to another. That might be an argument to be considered if an attack was here made upon the constitutionality of the act of 1917, but surely the prior act, which is general in its scope, cannot be made unconstitutional because some subsequent act may grant special privileges. Repeals or amendments by implication are not favored in the law, and the special nature of the 1917 act forbids a holding that the legislature thereby intended to amend or modify the prior general lien statute.

As costs and attorneys' fees are not recoverable at common law and are allowable only as the statute pro-

vides, we feel obliged to hold that the lien claimant prior to the bringing of any action to foreclose had no right to claim or demand an attorney's fee for the preparation of notice of lien.

The check tendered was a negotiable instrument payable on demand, and under Rem. Rev. Stat., § 3462 (Uniform Negotiable Instrument Law), presentment for payment was required to be made within a reasonable time after its delivery to the payee. The check in question having been delivered to the payee in the same town or city in which was located the bank on which it was drawn, under the general rule, as we understand that rule to be, it was unreasonable to withhold presentation for a period of seven days. The loss, if any, occasioned by the suspension of the bank must therefore fall upon the payee or holder of the check.

Finding no error, the judgment is affirmed.

BEALS, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.