[No. 36648.   Department One.   November 7, 1963.]

Roy Kelly, Jr. et al., *Appellants*, v. Denzel L. Gifford et al., *Defendants*, Vista Properties, Inc. et al., *Respondents.**

*Daniel F. Sullivan* and *Donald J. Horowitz*, for appellants.

*O'Leary, Meyer & O'Leary* and *Pebbles, Swanson & Lindskog*, for respondents.

Hunter, J.—This action arises out of an automobile accident that occurred February 6, 1960, at the intersection of Sleater-Kinney Road and Martin Way, in Thurston County, Washington. Defendant, Delrene Gifford, crashed into the rear end of the plaintiffs' vehicle when the brakes on the family car, which she was driving, failed to hold.

The respondents, co-defendants, are property owners near Sleater-Kinney Road north of the Old Pacific High-

*Reported in 386 P. (2d) 415.

way, approximately one-half mile south from the scene of the accident. Within 3 years prior to the collision these owners developed business centers, and in so doing, it is alleged, the original grade and drainage were destroyed. Drainage had been a problem in this area for years prior to the construction, but the problem was increased with the improvement of the property. When buildings were built and parking lots were blacktopped, the surface water that ordinarily percolated into the soil was caused to collect upon Sleater-Kinney Road and the access road leading to a shopping center owned by one of the defendant property owners.

Before the accident, Delrene Gifford drove her car through the flooded area just as she had done several times that day. Her brakes were damaged by the water and failed to function when she slowed to stop behind the plaintiffs' car as the plaintiffs were waiting for a traffic signal to change.

The trial court granted summary judgment dismissing the complaint with prejudice as to all parties except the defendants Gifford. The plaintiffs appeal. They contend that the creation and maintenance of the flooded areas constitute both nuisance and negligence.

The plaintiffs rely on the rule that an abutting property owner must use and keep his premises so as not to render adjacent highways unsafe for ordinary travel. Although this is the law of this state, *Collais v. Buck & Bowers Oil Co.*, 175 Wash. 263, 27 P. (2d) 118 (1933), we do not find that the defendant property owners disregarded this duty in the instant case.

It is well established in this state that surface waters are to be regarded as outlaw or common enemy waters, against which every proprietor of land may defend himself, even to the consequent injury of others. *Cass v. Dicks*, 14 Wash. 75, 44 Pac. 113 (1896); *King Cy. v. Boeing Co.*, 62 Wn. (2d) 545, 384 P. (2d) 122 (1963); and cases cited therein. Here the land was used in a proper, safe, and lawful manner when draining these surface waters.

The pool of water in the highway and the access road was caused by inadequate drainage in the highway, over which the property owners had no control. The county has exclusive control of the highway. Although the county is not an insurer of the condition of its streets and highways, it must exercise ordinary care to keep them in a reasonably safe condition for travel. *Berglund v. Spokane Cy.*, 4 Wn. (2d) 309, 103 P. (2d) 355 (1940); *Rathbun v. Stevens Cy.*, 46 Wn. (2d) 352, 281 P. (2d) 853 (1955); *Owens v. Seattle*, 49 Wn. (2d) 187, 299 P. (2d) 560, 61 A.L.R. (2d) 417 (1956); *Albin v. National Bank of Commerce*, 60 Wn. (2d) 745, 375 P. (2d) 487 (1962). Under the facts of the instant case, the abutting property owners cannot be held responsible on the basis of negligence because the county did not provide adequate drainage. Neither can they be charged in this instance with creating a nuisance by obstructing the highway, since the drainage of the Sleater-Kinney Road was not within their control.

The judgment of the trial court is affirmed.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.

January 21, 1964. Petition for rehearing denied.