[No. 42599.   En Banc.   July 5, 1973.]

WASHINGTON STATE WELFARE RIGHTS ORGANIZATION *et al.,*
*Appellants,* v. THE STATE OF WASHINGTON *et al.,*
*Respondents.*

438

*Linda L. Dawson, Donald E. Clocksin,* and *Allen H. Sanders,* for appellants.

*Slade Gorton, Attorney General,* and *Walter E. White, Assistant,* for respondents.

WRIGHT, J.—This is an appeal from a decision of the superior court dismissing appellants' class action to challenge a determination by the Department of Social and Health Services, hereinafter called "the department". The appellant, Washington State Welfare Rights Organization, is a corporation formed under the laws of the State of Washington. The individual appellants are the mothers of persons whose aid-to-families-with-dependent-children grants were terminated by the department's order No. 598.

The legislature, in 1971, changed the age of majority for many purposes to 18 years. Thereafter, the department issued administrative order No. 598 on an emergency basis pursuant to RCW 34.04.030, and then proceeded to hold hearings and formally adopt the order as an amendment to WAC 388-24-040(1). Certain persons theretofore had received AFDC grants if they were between the ages of 18 and 21 years and attending school. The effect of administrative order No. 598 was to eliminate such grants.

The eligibility of such persons is provided in RCW 74.12.010, which reads in part:

> For the purposes of the administration of aid to families with dependent children assistance, the term "dependent child" means any child in need under the age of eighteen years, or any child between eighteen and twenty-one years of age regularly attending high school in pursuance of a course of study leading to a high school diploma or its equivalent or a course of vocational or technical training designed to fit him for gainful employment, who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of the parent, and who is with his father, mother, grandmother, grandfather,

brother, sister, stepfather, stepmother, stepbrother, step-sister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or their homes.

Respondents base their contentions upon RCW 26.28.010 which reads:

Except as otherwise specifically provided by law, all persons shall be deemed and taken to be of full age for all purposes at the age of eighteen years.

This provision is contained in chapter 292, Laws of 1971, 1st Ex. Sess., which chapter expressly amended 77 sections of the statute law. RCW 74.12.010 was *not* one of the sections mentioned.

█ █ Repeal or amendment by implication is never favored. *Generaux v. Petit,* 172 Wash. 132, 19 P.2d 911 (1933). This is even more true when a later act contains a schedule of statutes repealed and such schedule does not include the statute under consideration. *State ex rel. Spokane v. DeGraff,* 143 Wash. 326, 255 P. 371 (1927).

There is nothing inconsistent in RCW 26.28.010 and 74.12.010, for the one sets the age of majority and the other provides for the payment of certain state funds to persons under stated conditions. There is absolutely no basis for repeal or amendment by implication.

Respondents make another argument. The additional argument is that RCW 74.12.010 uses the term "child" and a person over the age of 18 years is no longer a "child". It is further contended that a person over the age of 18 years cannot be a dependent child because such person is not entitled to support.

In view of our determination that RCW 74.12.010 was not repealed or amended by RCW 26.28.010, we need not further consider the last mentioned argument. At all times herein relevant, RCW 74.12.010 was the law of the State of Washington and it cannot be nullified by administrative order.

The judgment appealed from is reversed.

440

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, UTTER, and BRACHTENBACH, JJ., and RUMMEL, J. Pro Tem., concur.

Petition for rehearing denied August 31, 1973.