[No. 43212.    En Banc.    February 13, 1975.]

ROGER MISTEREK *et al, Petitioners,* v. WASHINGTON MINERAL PRODUCTS, INC., *Respondent.*

*Roethler & McCulloch, Wayne Roethler, Pozzi, Wilson & Atchison,* and *Dan O'Leary,* for petitioners.

*Murray, Armstrong & Vander Stoep,* by *Grant Armstrong,* for respondent.

*Wendells, Froelich, Power & Lakefish,* by *Alan L. Froelich,* amicus curiae.

WRIGHT, J.—This case involves a matter of liability for injury and damages caused by the unlawful presence of horses on a public highway in Pacific County. The major questions presented are: (1) Does RCW 16.13, which applies to horses, conflict with the herd law, RCW 16.24, which applies to all livestock? (2) Is the common law relative to liability for livestock superseded by the various provisions of RCW Title 16?

The facts are indeed simple. About 10 p.m. on August 20, 1969, the petitioners were riding in a station wagon owned and driven by another person. Two horses upon Highway 101 caused the driver to swerve and leave the roadway, causing injuries to petitioner Carolyn Misterek. Defendant, Washington Mineral Products, Inc., owned property adjoining the highway at the point of the accident.

Defendant, Delmar Swatsenbarg, was a heavy equipment operator employed by the corporation. He owned a horse and obtained permission from one Don Hadlund, a substantial stockholder, director and officer of the corporation, to keep his horse on the company property if he would repair and maintain the fence. There is some question raised as to the authority of Hadlund to give the permission.

There is, however, no question that the horses had been on the property for a considerable time and that it was well known to the corporation through its officers and agents that the horses were present. For that reason, the question as to the authority of Hadlund is not significant, was not extensively discussed by the parties, and will not be considered further.

After a jury trial in the Superior Court for Pacific County, a verdict for $46,826 was returned against defendants Swatsenbarg (who appeared *pro se*), and Washington Mineral Products, Inc. Only the corporation appealed. The Court of Appeals reversed the trial court and ordered the action to be dismissed as to Washington Mineral Products, Inc.

The area where the accident occurred was within a

stock-restricted area established under the authority of RCW 16.24. The enactment of the county commissioners of Pacific County was pleaded and proved at the trial, which established the stock-restricted area. Stock-restricted areas are often referred to in common parlance as "herd districts."

RCW 16.24.010 refers to stock-restricted areas, which are defined as areas "in which it shall be unlawful to permit livestock of any kind to run at large." It was first enacted in 1905 (Laws of 1905, ch. 91, p. 194). It has been amended and reenacted several times, the most recent being in 1937 (Laws of 1937, ch. 40, p. 104).

██ ██ The contention has been made that in some way RCW 16.13, which refers to horses and similar animals and was passed in 1951, has worked as an amendment of RCW 16.24 to take horses out of the operation of that chapter. RCW 16.13 relates to the state at large, while RCW 16.24 relates to areas designated by county commissioners. Title 16 contains several chapters specifically prohibiting designated species of animals from running at large unattended. Such specific prohibitions, all of which are similar to RCW 16.13, do not amend RCW 16.24. When the several acts can be harmonized, there is no repeal or amendment by implication. Repeal or amendment by implication is not favored. *Washington State Welfare Rights Organization v. State*, 82 Wn.2d 437, 511 P.2d 990 (1973). In this instance RCW 16.13 and RCW 16.24 can stand together, and both are valid and effective.

RCW 16.13, relative to horses, places the duty on the owner, and on no one else, to keep the animals from running at large. Washington Mineral Products, Inc., was not the owner of the horses, and contended that RCW 16.13 was the only applicable law and that said chapter had no application to the corporate defendant.

The next contention of Washington Mineral Products, Inc., is that it was not in control of the horses. Under that contention it took the position that even if RCW 16.24

were applicable, the only persons who could be liable were the owner or one in control of the livestock. RCW 16.24.065. It is unnecessary to pass upon that matter.

RCW 16.24.070 rather than 16.24.065 is the applicable section in this situation. The first sentence of RCW 16.24.070 reads:

It shall be unlawful for *any person* to cause or *permit* any livestock to graze or stray upon any portion of the right-of-way of any public highway of this state, within any stock restricted area.

(Italics ours.)

The final problem relates to the applicability of the common law. Without going into the common-law rules relative to animals, we will simply say: "The common law is the embodiment of common sense." Thus, the common-law rules relative to keeping animals confined, or letting them range, have varied in different places and at different times depending upon conditions and needs of the time and place. In the "Old West" the usual rule favored open range. Title 16 was enacted to bring the law into harmony with the needs of the people. That was especially true of RCW 16.24, which provided for districts to be established by county commissioners. We do not find it necessary to consider the common-law rules relative to animals as this can be resolved upon broader grounds, that is, upon the general principles of negligence.

There was substantial evidence that the fences were in need of repair; that the owner of the property (Washington Mineral Products, Inc.) knew the fences needed attention: that said owner knew horses were upon its land; and, knew that a public highway adjoined its land. From those facts, Washington Mineral Products, Inc., would necessarily know the horses might get upon the highway and that accidents might result.

Furthermore, RCW 16.24.070 sets a standard of care. While the statute imposes criminal penalties, its violation in this situation is negligence as a matter of law. The

statute was obviously intended to protect: (1) the class of persons to which plaintiff belonged—lawful users of the public highway; (2) the interest here involved—the right to travel the highway without accident or injury; (3) against the hazard here involved—collision with livestock or accidents caused (as here) by avoiding collision with livestock.

We said in *Kness v. Truck Trailer Equip. Co.*, 81 Wn.2d 251, 501 P.2d 285 (1972), at page 257:

> In deciding whether violation of a public law or regulation shall be considered in determining liability, the *Restatement (Second) of Torts* § 286 (1965) properly states the rules:
>
> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
>
> (a) to protect a class of persons which includes the one whose interest is invaded, and
>
> (b) to protect the particular interest which is invaded, and
>
> (c) to protect that interest against the kind of harm which has resulted, and
>
> (d) to protect that interest against the particular hazard from which the harm results.

The law is well settled that one must "maintain his property so as not to injure those using the adjacent highway." *Mills v. Orcas Power & Light Co.*, 56 Wn.2d 807, 355 P.2d 781 (1960); *Kelly v. Gifford*, 63 Wn.2d 221, 386 P.2d 415 (1963); *Collais v. Buck & Bowers Oil Co.*, 175 Wash. 263, 27 P.2d 118 (1933); *Poth v. Dexter Horton Estate*, 140 Wash. 272, 248 P. 374 (1926).

The verdict of the jury against Washington Mineral Products, Inc., and the judgment of the trial court thereon is affirmed. The decision of the Court of Appeals is reversed.

FINLEY, HAMILTON, UTTER, and BRACHTENBACH, JJ., concur.

HUNTER, J. (concurring)—I concur. Under the facts of this case the owner of the land had permitted horses to be pastured on his premises, conditioned upon the repair of his fences. The fences were not repaired. To the knowledge of the owner this situation existed over a period of 4 years. The owner knew that unless the horses were removed, or that the fences were repaired, there was a probability of their wandering on the highway and causing injury to the lawful users thereof. The owner had control of his premises and had a duty to use his land in a reasonable manner to avoid injury to the users of the highway. This was not done in this case, and as a proximate result the plaintiffs were injured.

I therefore concur with the majority in holding that the owner should be held liable for damages for the injuries the plaintiffs sustained.

STAFFORD, C.J., and ROSELLINI, J., concur with HUNTER, J.

Petition for rehearing denied April 3, 1975.