[No. 43757.    En Banc.    April 29, 1976.]

JEFFREY BOYCE, *Appellant*, v. WILLIAM H. ADAMS, ET AL, *Respondents*.

*Wendells, Froelich, Power & Lakefish* and *Alan L. Froelich,* for appellant.

*Merrick, Hofstedt & Lindsey* and *Gary R. Eliasen,* for respondents.

ROSELLINI, J.—The appellant, Jeffrey Boyce, was injured when his automobile struck a horse on the Auburn-Enumclaw highway in King County, a stock-restricted area. He sued the compensated bailee of the horse, in whose pasture it had been quartered.

The complaint alleged that respondent, William H. Adams, was liable because he willfully or negligently permitted the horse to stray upon the highway, he maintained a nuisance, and he was subject to strict liability under the statutes of the state of Washington.

The trial court rejected the nuisance and strict liability theories and instructed the jury upon the law of negligence, upon the King County ordinance designating the county a stock-restricted area, and upon RCW 16.24.070, which provides that it shall be unlawful for any person to cause or permit any livestock to stray upon any portion of the right-of-way of any public highway of this state within any stock-restricted area.

To aid the jury in understanding the import of this statute, the court gave an instruction requested by the appellant, as follows:

> The word "permit" as used in the statute and ordinance does not imply that defendant had to take affirmative action; it refers to the defendant's actual or constructive knowledge of circumstances which would foreseeably lead to the prohibited activity.

The jury returned a verdict for the respondent. An appeal directly to this court was accepted, since it was argued that the court had, in *Misterek v. Washington Mineral Prods., Inc.*, 85 Wn.2d 166, 531 P.2d 805 (1975), overruled *sub silentio* the case of *Scanlan v. Smith*, 66 Wn.2d 601, 404 P.2d 776 (1965), and had construed the above statute to provide that an owner or custodian of stock which strays upon a highway is negligent as a matter of law.

The assignments of error raise two contentions: (1) that the court should have directed a verdict for the appellant because the respondent was negligent as a matter of law, and (2) that the court should have instructed on the law of nuisance.

Upon the first question, a minority of this court thought in *Scanlan v. Smith, supra,* that the statute imposes strict liability. However, in a 5-to-4 decision the majority in *Scanlan* held that the statute does not create a conclusive presumption of negligence on the part of the owner (or custodian) of livestock which strays upon the public highway. Rather, it was said, the presence of the animal on the road raises a permissible inference of negligence which will take the plaintiff's case to the jury. The defendant may show, if he can, that the livestock was there in spite of his exercise of due care to keep it confined. It was noted in that case that the weight of authority is in accord with this interpretation. We said that the question whether the gate to the pasture had been properly closed and later opened by vandals was for the jury, depending, as that question did, on the credibility of witnesses.

Was this interpretation rejected in *Misterek v. Washington Mineral Prods., Inc., supra,* as the appellant contends? In *Misterek*, horses which were kept on the defendant's property, with his permission, escaped and caused an accident when the plaintiff driver swerved to avoid hitting them. The evidence showed that the fence around the property upon which the horses were kept was badly in need of repair and had been in this condition for 4 years. Thus the defendant had constructive, if not actual, knowledge of the

danger that the horses would escape and cause injury to users of the highway. The defendant's defense was that it was not under any statutory obligation with respect to the horses because it did not own or control them.

This contention was rejected, this court holding that the statute applies to anyone who has livestock on his property. We further found that the defendant had violated RCW 16.24.070 as a matter of law, since it was unquestioned that the horses escaped because of the inadequacy of the fence adjacent to the highway.

The statement made in *Misterek*, that violation of the statute, under the circumstances, was negligence as a matter of law, was in harmony with the principles set forth in the rule found in the Restatement (Second) of Torts § 286 (1965), to the effect that a court may adopt as the standard of conduct of a reasonable man the same conduct as that required by a statute designed to protect persons in the plaintiff's position from the particular kind of harm which the plaintiff suffered.

■ But to say that a violation of the statute is negligence per se is not the same thing as to say that the presence of livestock upon the highway is conclusive evidence of the negligence of the owner or custodian, as the appellant would have us do. In order to violate the statute, the owner or custodian must *cause* or *permit* such livestock to stray. Unless the evidence is undisputed, and it can be said as a matter of law—as it was in the *Misterek* case— that the respondent caused or permitted the livestock to stray, the question whether the statute was violated must be decided by the trier of the facts.

■ The court's instruction in this case, requested by the appellant and not excepted to, advising the jury in effect that the respondent should be found to have permitted the horse to escape if he had knowledge, either actual or constructive, of circumstances which would foreseeably lead to the animal's going upon the roadway, properly presented that question to the jury.

The respondent's evidence tended to show that the pas-

ture was well fenced and the gate was sturdy and safe with a reliable latch, that it had been latched the last time the respondent observed it 2 days before the accident, and that he had no reason to foresee that pranksters or thieves would open the gate and let the horses out, as they must have done, according to his theory. The appellant does not question the adequacy of the respondent's evidence to support his theory that the horses were safely confined and the accident was not reasonably foreseeable; rather, he contends respondent had an affirmative duty to see that the horses were not let out of the pasture, and that the only assertible defense would be contributory negligence, which was not alleged in this case.

■ The same policy considerations that were put before the court in *Scanlan v. Smith, supra,* are again urged here—namely, that large animals upon the highway constitute such a great hazard that the owner or custodian should never escape liability for damages caused by their presence there. However, again examining the statute, we are compelled to adhere to the interpretation which was placed upon it in *Scanlan v. Smith, supra,* and substantially followed in *Misterek v. Washington Mineral Prods., Inc., supra.* We cannot read out of the statute the words "cause or permit." The appellant would have us treat the statute as though it read: "The owner or custodian of livestock found upon a public highway of this state, within any stock-restricted area, shall be guilty of a misdemeanor." It can readily be seen that such a statute would impose a criminal penalty upon the owner or custodian, regardless of whether he was guilty of any willful or negligent act. It is not surprising, therefore, that the legislature has not seen fit to reject the interpretation which we placed upon this statute in 1965.

The trial court did not err in refusing to direct a verdict upon the ground that the presence of the horse upon the highway rendered the respondent guilty of negligence as a matter of law.

■ The second contention of the appellant—that the

court should have instructed on the law of public nuisance —is also without merit. The appellant's right to damages was amply covered by the instructions given. The theory of nuisance was merely cumulative. He is not seeking an injunction in this action and his brief does not show how, if the jury believed the respondent's evidence as the verdict indicates it did, it would have been justified in returning a verdict in his favor upon a theory of nuisance. Inherent in the verdict is a finding that there was no negligence or affirmative act on the part of the respondent which caused the appellant's damage. In light of the findings that inhere in the verdict granting that the presence of the horse on the highway created a nuisance, it was not one caused or maintained by the respondent. Therefore, assuming instructions on this theory might have been appropriate, their omission could not have been prejudicial to the appellant.

The judgment is affirmed.

STAFFORD, C.J., and HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.