[No. 36803-6-I.    Division One.    March 31, 1997.]

*In the Matter of the Detention of* KENNETH DYDASCO.

THE STATE OF WASHINGTON, *Appellant*, v. KENNETH DYDASCO, *Respondent.*

*Norm Maleng, Prosecuting Attorney*, and *Gerald A. Smith, Deputy*, for appellant.

*Mary L. Perdue* and *Marian L. Naden* of *Seattle-King County Defender Association*, for respondent.

GROSSE, J. — Kenneth Dydasco was involuntarily committed for 90 days. This commitment was less restrictive than confinement. Before expiration, the State sought to extend this commitment for an additional 180 days by filing a petition otherwise sufficient, but on only 2 days' notice. We reverse the trial court's dismissal of this petition, and hold that the notice given was consistent with the statute and principles of due process.

RCW 71.05.300 provides in pertinent part:

> The petition for ninety day treatment shall be filed with the clerk of the superior court at least three days before expiration of the fourteen-day period of intensive treatment
> . . . .

RCW 71.05.320 provides in pertinent part:

> (2) Said person shall be released from involuntary treatment at the expiration of the period of commitment imposed under subsection (1) of this section unless the superintendent or professional person in charge of the facility in which he is confined, or in the event of a less restrictive alternative, the designated mental health professional . . . files a new petition for involuntary treatment on the grounds that the committed person;
>
> . . . .
>
> (d) Continues to be gravely disabled.
>
> . . . .

The hearing shall be held as provided in RCW 71.05.310, and if the court or jury finds that the grounds for additional confinement as set forth in this subsection are present, the court may order the committed person returned for an additional period of treatment not to exceed one hundred eighty days from the date of judgment. At the end of the one hundred eighty day period of commitment, the committed person shall be released unless a petition for another one hundred eighty day period of continued treatment is filed and heard in the same manner as provided herein above. Successive one hundred eighty day commitments are permissible on the same grounds and pursuant to the same procedures as the original one hundred eighty day commitment. No person committed as herein provided may be detained unless a valid order of commitment is in effect. No order of commitment can exceed one hundred eighty days in length.

At issue here is the effect of a 1987 amendment to RCW 71.05.300. That amendment added limiting language to the requirement for filing a petition for an additional 90 days of treatment following a 14-day intensive inpatient commitment by requiring that the petition be filed at least 3 days prior to expiration of that 14-day commitment.

■ In this 1987 amendment, the Legislature chose to amend only RCW 71.05.300 concerning 90-day petitions for continuing treatment after the initial 14-day intensive treatment period. The Legislature did not amend RCW 71.05.320(2) relating to petitions for continuing treatment of persons completing 90- or 180-day involuntary treatment periods on either an intensive or less restrictive basis. Dydasco suggests the Legislature intended to amend any statute dealing with the filing requirements for additional time for involuntary treatment and argues that the only way the provisions of the statute can be read in harmony is to so hold. We disagree.[1]

---

[1] *See In re R.S.*, 124 Wn.2d 766, 774, 881 P.2d 972 (1994) (repeal or amendment of a statute by implication is not favored in the law) (citing *Misterek v. Washington Mineral Prods., Inc.*, 85 Wn.2d 166, 168, 531 P.2d 805 (1975) (citing *Washington State Welfare Rights Org. v. State*, 82 Wn.2d 437, 511 P.2d 990 (1973))). *See also Tollycraft Yachts Corp. v. McCoy*, 122 Wn.2d 426, 858 P.2d 503 (1993).

At the same time the Legislature amended RCW 71.05.300 to include the 3-day notice requirement, it also amended RCW 71.05.310, specifying the procedure for the hearings on both 90-day and 180-day petitions. In amending RCW 71.05.310 the Legislature did not insert language requiring the same 3-day notice filing requirement. Had the Legislature so intended, it could have inserted it at the time.[2]

RCW 71.05.300 requires 3 days' notice of filing for 90-day petitions *for persons completing intensive treatment,* i.e., those coming out of an initial 14-day detention. This restriction of the 3-day filing limitations to only 90-day petitions for persons completing 14-day intensive inpatient treatment makes sense and is consistent with the general intent of the civil commitment statute.[3] In contrast, as indicated by the circumstances of this case, a person undergoing less intensive treatment may not decompensate until the end of the treatment period so that a mental health professional will have less than three days in which to act. A person in less restrictive treatment is not subject to the close professional supervision of someone receiving 14-day intensive inpatient treatment. As stated in *In re*

---

[2]The State's construction of the provisions of the statute is consistent with the standard rule of statutory construction regarding the effect of specific inclusions versus implications. Inclusio unius est exclusio alterius—a canon of construction holding that to express or include one thing implies the exclusion of another—also termed expressio unius est exclusio alterius. *See* BLACK'S LAW DICTIONARY 763 (6th ed. 1990); *see also State v. Sommerville,* 111 Wn.2d 524, 535, 760 P.2d 932 (1988).

[3]RCW 71.05.010 provides in part:

"The provisions of this chapter are intended by the legislature:

". . . .

"(2) To provide prompt evaluation and short term treatment of persons with serious mental disorders;

". . . .

"(4) To provide continuity of care for persons with serious mental disorders;

"(5) To encourage the full use of all existing agencies, professional personnel, and public funds to prevent duplication of services and unnecessary expenditures; . . . ."

*R.R.*,[4] procedural barriers preventing a hearing on the merits frustrate the purpose of the statute:[5] to provide continuity of care for mentally ill persons.

The statutory construction argued by Dydasco prevents effective action by mental health professionals and would require a new commitment process to begin with a 72-hour commitment, an additional 14-day commitment, and a new 90-day commitment, rather than the direct continuation of treatment to a 180-day period as contemplated by RCW 71.05.320(2). In addition, contrary to Dydasco's argument, petitions filed under RCW 71.05.320(2) also require protections and mandate hearings under the provisions of RCW 71.05.310. Due process and equal protection rights are sufficiently safeguarded.

The decision of the superior court is reversed.

COLEMAN and BECKER, JJ., concur.

Review granted at 133 Wn.2d 1033 (1997).

---

[4]*In re R.R.*, 77 Wn. App. 795, 895 P.2d 1 (1995).

[5]*R.R.*, 77 Wn. App. at 801 (citing *In re G.V.*, 124 Wn.2d 288, 296, 877 P.2d 680 (1994)).